UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                 'O'

| Case No. | 8:24-cv-00780-CAS-DFMx | Date | August 26, 2024 |
|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Deborah Parker | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

Frank Weiser (by telephone)                    Konrad Rasmussen

**Proceedings:**      ZOOM HEARING RE: MOTION TO DISMISS (Dkt. 22, filed on July 25, 2024)

## I.    INTRODUCTION

On April 9, 2024, plaintiffs Deepa Patel and California One Hospitality LLC, owners of Dixie Orange County Motel ("DOC"), filed this action against the following defendants: (1) the City of Stanton ("City") and (2) "Does 1 through 10," persons unknown to plaintiffs at the time of filing but believed to be "responsible in some manner" for plaintiffs' injuries.  Dkt. 1.

On May 31, 2024, defendant City filed a motion to dismiss plaintiffs' original complaint.  Dkt. 13.

On June 11, 2024, plaintiffs filed their first amended complaint, rendering the defendant's previously filed motion to dismiss moot.  Dkt. 17 ("FAC"); Dkt. 19. Plaintiffs' FAC alleges four claims for relief.  Their first and second claims seek $10 million in damages and appropriate declaratory and injunctive relief for: (1) at least seven constitutional violations pursuant to 42 U.S.C. § 1983; and (2) violations of their statutory rights pursuant to the Federal Fair Housing Act, 42 U.S.C. § 3604(b).  Their third and fourth claims seek writ relief pursuant to California Code of Civil Procedure § 1094.5 of (3) City Council Resolution 2024-02, which revoked the permit of DOC to operate as a motel; and (4) the three administrative citations issued against DOC on September 28, 2023.

On July 25, 2024, defendant filed a motion to dismiss plaintiffs' FAC pursuant to Fed. R. Civ. P. 12(b).  Dkt. 22 ("Mot.").  Defendant claims that plaintiffs' first and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   **'O'**

| Case No. | 8:24-cv-00780-CAS-DFMx | Date | August 26, 2024 |
|----------|------------------------|------|-----------------|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

second claims fail to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, defendant claims that the Court lacks jurisdiction over plaintiffs' third and fourth claims and should dismiss them pursuant to Fed. R. Civ. P 12(b)(1). In the alternative, defendant claims that plaintiffs' third and fourth claims fail to state a claim for writ relief against the City pursuant to California Code of Civil Procedure § 1086.

On August 6, 2024, plaintiffs filed an opposition to the motion. Dkt. 23 ("Opp."). On August 13, 2024, defendant filed a reply in support of its motion. Dkt. 24 ("Reply").

On August 26, 2024, the Court held a hearing. Defendant's motion to dismiss plaintiffs' FAC is presently before the Court. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiffs allege the following facts in their FAC. Plaintiff Deepa Patel is a real estate and motel developer. FAC ¶ 7. Ms. Patel and plaintiff California One Hospitality LLC are the legal and beneficial owners of DOC, a motel located in Stanton, California. Id. ¶ 2. DOC is a 36-unit motel. Id. ¶ 13. Plaintiffs have applied to defendant City to expand the motel with an additional 14 units, a project entitled Site Plan and Design Review No. SPDR-816. Id.

On September 28, 2023, the Orange County Sheriff's Department issued three administrative citations against DOC. Id. ¶ 19. Plaintiffs claim that the citations were issued because they placed a gate at the front of the motel, even though the placement was at the request of the City. Id. ¶ 15. Plaintiffs believe they received the citations because they complained about the City's "unfounded allegations" that DOC was operating as a nuisance and fostering criminal activity. Id. Plaintiffs believe that the City is using these allegations "as a basis to delay" approval of the motel expansion. Id.

Plaintiffs appealed the citations and were granted a hearing by an administrative hearing officer, a non-employee who was "paid and unilaterally chosen by the City to hear the appeal without Plaintiffs' consent." Id. ¶ 26. Plaintiffs requested that the officer recuse himself "based on an appearance of bias." Id. The officer did not recuse himself. Id. ¶ 27. The hearing was conducted in several sessions. Id. On December 12, 2023, the officer rendered a decision denying the appeal and found the citations to be valid. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-00780-CAS-DFMx | Date | August 26, 2024 |
|----------|------------------------|------|-----------------|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

Plaintiffs allege that they did not receive proper notice of this denial under the California Code of Civil Procedure. Id. ¶ 28.

On December 20, 2023, the City Planning Commission of Stanton conducted a hearing regarding DOC's permit to operate as a motel. Id. ¶ 21. Plaintiffs allege that at this hearing, the Planning Commission "did not even consider alternatives" to revocation and used unsubstantiated hearsay, redacted police reports, and calls for service to make their decision. Id. ¶ 11-12. Some members also made "very deprecatory and unsubstantiated remarks" against plaintiffs' counsel. Id. ¶ 21. The Planning Commission adopted Resolution No. 2662 at the hearing, revoking DOC's permit. Id. ¶ 9.

On January 2, 2024, plaintiffs appealed Resolution No. 2662 to the City Council of Stanton. Id. ¶ 22. On January 23, 2024, the City Council heard the appeal and adopted Resolution 2024-02, which upheld the revocation. Id. ¶ 23. Plaintiffs allege that they did not receive proper notice of this decision under the California Code of Civil Procedure. Id. ¶ 25.

Additionally, in the year before the filing of their complaint, plaintiffs allege they were subject to the following conduct by defendant City, defendant City Officials ("Does 1-10"), and the Orange County Sheriff's Department: "entering the motel on a daily basis approximately three to five times a day," "harassing the motel guests," "at times blocking access to the motel," "entering the locked guest units by force," and "inspecting motel registration records." Id. ¶ 20. These actions were undertaken "without a warrant or consent," according to plaintiffs. Id.

Plaintiffs claim that the motel is not operating as a nuisance and is not in violation of any municipal, state, or federal law. Id. ¶ 16-17. Plaintiffs also claim that defendants' actions aim to "transfer the motel to a third party developer at a reduced purchase price, as part of a City policy to close the motel." Id. ¶ 29. Finally, plaintiffs claim that defendants are targeting (1) the motel's guests, who are "low-income and homeless minority African-American and Hispanic individuals," aiming to "drive them out" of the City and disproportionately impact them; and (2) Ms. Patel, an "Asian-Indian" individual, also aiming to drive her and her business out of the City. Id. ¶ 30-31.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                    'O'

| Case No. | 8:24-cv-00780-CAS-DFMx | Date | August 26, 2024 |
|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

## III.   LEGAL STANDARD

### A.   Rule 12(b)(6) Motion

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL   'O'

| Case No. | 8:24-cv-00780-CAS-DFMx | Date | August 26, 2024 |
|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

### B.    Rule 12(b)(1) Motion

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004).

## IV.   DISCUSSION

Plaintiffs plead four claims for relief: (1) at least seven constitutional violations pursuant to 42 U.S.C. § 1983; (2) violations of their statutory rights pursuant to the Federal Fair Housing Act, 42 U.S.C. § 3604(b); (3) writ relief pursuant to California Code of Civil Procedure § 1094.5 for review of City Council Resolution 2024-02, which revoked the permit of DOC to operate as a motel; and (4) writ relief pursuant to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-00780-CAS-DFMx | | Date | August 26, 2024 |
|---|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | | |

California Code of Civil Procedure § 1094.5 for review of the three administrative citations issued against DOC on September 28, 2023.

The principal ground for defendant's motion to dismiss is that plaintiffs fail to identify which defendants violated which of their constitutional and statutory rights with regards to the actions of the City Council and which defendants violated which of their constitutional and statutory rights with regards to the actions of the Orange County Sheriff's Department. Mot. at 5-6.

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8(a)"), a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed. 2004). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

"In the exercise of their discretion and in order to promote judicial economy, courts often will use a motion directed at the form of a pleading (or a motion to dismiss under Rule 12(b)(6)) as a vehicle for considering whether any possible claim for relief [under Rule 8(a)] exists." Wright & Miller, 5 Federal Practice & Procedure § 1217, at 256-58.

Here, the Court finds that plaintiffs' FAC does not satisfy the requirements of Rule 8(a). It is not possible to decipher which of plaintiffs' claims are advanced against which entities or persons (e.g., the City Council, the administrative hearing officer, the Orange County Sheriff's Department, or individual deputies of the Orange County Sheriff's Department). It is also unclear which of plaintiffs' claims are directed at defendants in their individual capacities and which are brought pursuant to a Monell theory. Further, the basis for plaintiffs' Monell claims is not specified. Accordingly, the Court **GRANTS** defendant's motion to dismiss in its entirety with leave to amend.

To provide plaintiffs with guidance regarding what the Court perceives to be the viability of its claims, the Court provides the following analysis, discussing each claim in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                'O'

| Case No. | 8:24-cv-00780-CAS-DFMx | Date | August 26, 2024 |
|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

### A.  Constitutional violations pursuant to 42 U.S.C. § 1983

Plaintiffs allege constitutional violations pursuant to 42 U.S.C. § 1983, citing at least seven provisions of the U.S. Constitution.  As guidance to plaintiffs, the Court first discusses § 1983 and Monell liability generally and then analyzes each alleged constitutional violation in turn.

#### 1.  Section 1983 and Monell Liability

Section 1983 provides for a claim for relief against a person who, acting under color of state law, deprives another of rights guaranteed under the U.S. Constitution.  "To prove a case under § 1983, the plaintiff must demonstrate that (1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right."  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Local government entities may be sued directly under § 1983.  Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978).  However, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Id. at 694.

"Under Monell, municipalities are subject to damages under § 1983 in three situations: when the plaintiff was injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a 'final policymaker.'"  Ellins v. City of Sierra Madre, 710 F.3d 1049, 1066 (9th Cir. 2013).  Whether a particular official has final policy-making authority is a question of state law.  Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989).  Pursuant to this theory, a plaintiff can establish that an official with final policymaking authority (1) committed the constitutional tort, thus constituting official government policy or (2) ratified a subordinate's unconstitutional decision or action and the basis for it.  Gillette v. Delmore, 979 F.2d 1342, 1346-7 (9th Cir. 1992) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 480–81 (1986); McKinley v. City of Eloy, 705 F.2d 1110, 1116 (9th Cir. 1983); City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (188)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 8:24-cv-00780-CAS-DFMx | Date | August 26, 2024 |
|----------|------------------------|------|-----------------|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

In order to hold the municipality liable, the policy, practice, or custom must be the "moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). In order to withstand a motion to dismiss, a Monell claim must consist of more than mere "formulaic recitations of the existence of unlawful policies, customs, or habits." Warner v. Cty. of San Diego, No. 10CV1057 BTM BLM, 2011 WL 662993, at *4 (S.D. Cal. Feb. 14, 2011).

In their FAC, plaintiffs allege that "in doing all of the things herein mentioned," defendants "acted under color of the statutes, regulations, customs, and usages of the City of Stanton and the State of California for purposes of 'state action' and 'color of law' under 42 U.S.C. § 1983." FAC ¶ 33. Further, plaintiffs claim that "in doing all of the things herein mentioned," defendants have violated and threaten to further violate plaintiffs' civil and constitutional rights, pursuant to at least seven constitutional provisions.[1] Id. ¶ 34. As for Monell liability, the FAC claims that "in doing all of the things herein mentioned," the City's violations were "pursuant to the City's official policy, custom, or practice." Id. ¶ 35.

Defendant argues that plaintiffs fail to state a § 1983 claim because the FAC does not identify any individual defendants or their alleged conduct; instead, "it merely lumps all of the plaintiffs and defendants together in one run-on conclusory allegation of multiple civil rights violations." Mot. at. 4-5. Defendant claims that plaintiffs "cannot continue to feign ignorance" of the true identities of defendant City Officials. Id. at 4. Further, defendant argues that the FAC fails to state a theory for Monell liability because

---

[1] Plaintiffs' FAC alleges these constitutional violations in one paragraph, stating that "in doing all of the things herein mentioned," defendants violated: "First and Fourteenth Amendment of the United States Constitution Petition and Grievances Clause and Association Clause; the Fourth and Fourteenth Amendment of the United States Constitution Search and Seizure Clause; the Fifth and Fourteenth Amendment of the United States Constitution Takings Clause; and the Fourteenth Amendment of the United States Constitution Due Process Clause, both its substantive and procedural components, and the Fourteenth Amendment of the United States Constitution Equal Protection Clause, in that similarly situated motels in the near vicinity of this motel, do not have the interference with their business as does DOC, and the Privileges and Immunities Clause of the Fourteenth Amendment of the United States Constitution." FAC ¶ 34.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 8:24-cv-00780-CAS-DFMx | Date | August 26, 2024 |
|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

the allegation is "threadbare" and fails to show that any claimed policies or customs exist or that they caused a violation.  Id. at 5-6.

In opposition, plaintiffs argue that Monell liability exists because the City Council was the final policymaker in upholding the revocation of DOC's permit.  Opp. at 9.

In reply, defendant argues that the "final policymaker" theory is not included in the FAC, and that regardless, the Planning Commission "is not an individual subordinate" of the City Council, an alleged requirement for Monell liability of the City.  Reply at 6.

The Court finds that the basis for either individual liability or Monell liability in the FAC is unclear, as discussed above.  To allege a viable claim, plaintiffs must clarify which defendants they are suing in their individual capacities and which defendants they are suing pursuant to Monell (e.g., the City Council and/or the Orange County Sheriff's Department).  To satisfy Monell, plaintiffs must specify facts showing they were injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a "final policymaker."  See Ellins, 710 F.3d at 1066.

Plaintiffs must also explain the basis for Monell liability based on the conduct of defendant City Officials ("Does 1-10"), i.e., through defendant City's failure to train or failure to supervise defendant City Officials.  Failure to train may amount to a policy of "deliberate indifference," if the need to train was obvious and the failure to do so made a violation of constitutional rights likely.  City of Canton v. Harris, 489 U.S. 378, 390, (1989).  Similarly, a failure to supervise that is "sufficiently inadequate" may amount to "deliberate indifference."  Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989).  Plaintiffs' use of "John Doe" to identify allegedly unknown defendant City Officials in its FAC is permissible.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).

        2.    First Amendment Claim

Retaliation by state actors for exercising the First Amendment right to speak freely and petition the government is actionable under § 1983.  Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).  The right of access to the courts is "subsumed under the First Amendment right to petition the government for redress of grievances."  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               **'O'**

| Case No. | 8:24-cv-00780-CAS-DFMx | Date | August 26, 2024 |
|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

In the context of land use decisions made by municipalities, "[i]t is clear that [s]tate action designed to retaliate against and chill political expression strikes at the heart of the First Amendment." Id. (citation omitted).

To establish retaliation for engaging in protected speech, a plaintiff must allege "(1) it engaged in constitutionally protected activity; (2) the defendant's actions would 'chill a person of ordinary firmness' from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct—i.e., there was a nexus between the defendant's actions and an intent to chill speech. Further, to prevail on such a claim, a plaintiff need only show that the defendant 'intended to interfere' with the plaintiff's First Amendment rights and that it suffered some injury as a result; the plaintiff is not required to demonstrate that its speech was actually suppressed or inhibited." Ariz. Students' Ass'n v. Ariz. Bd. of Regents, 824 F.3d 858, 867 (9th Cir. 2016) (citations omitted).

If a plaintiff makes an initial showing that their protected conduct was a substantial or motivating factor in the defendant's decision, the burden shifts to the defendant to establish[,]" by a preponderance of the evidence, "that it would have reached the same decision even in the absence of the protected conduct." CarePartners, LLC v. Lashway, 545 F.3d 867, 877 (9th Cir. 2008) (citations and quotation marks omitted).

While dismissing plaintiffs' FAC with leave to amend, the Court provides the following analysis on the viability of plaintiffs' First Amendment retaliation claims as guidance. The Court believes the plaintiffs allege (1) they engaged in protected speech by complaining to the City about "unfounded" nuisance allegations; (2) the City's actions in issuing citations and revoking the motel's permit, if unjustified, would "chill a person of ordinary firmness" from continuing to complain to the City; and (3) plaintiffs' complaints were a "substantial motivating factor" in the City's conduct. See Ariz. Students' Ass'n v. Ariz. Bd. of Regents, 824 F.3d 858, 867 (9th Cir. 2016). To the extent plaintiffs can specify the details of their complaints to the City (e.g., when and how they complained), which City actors retaliated against them and how, and that plaintiffs' complaints were a "substantial motivating factor" in the City's conduct, the Court believes plaintiffs may have a viable First Amendment retaliation claim.

On the other hand, plaintiffs do not appear to have an actionable claim in regards to "deprecatory remarks" allegedly made against plaintiffs' counsel at the December 20,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 8:24-cv-00780-CAS-DFMx | Date | August 26, 2024 |
|----------|------------------------|------|-----------------|
| Title    | Deepa Patel et al. v. City of Stanton et al. | | |

2023 Planning Commission hearing. Plaintiffs do not state sufficient facts in the FAC to permit the Court to infer how these remarks violated the First Amendment.

> ### 3.   Fourth Amendment Claim

Generally, law enforcement officers may not conduct a search without a search warrant. Katz v. United States, 389 U.S. 347, 357 (1967). "In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." Riley v. California, 134 S. Ct. 2473, 2482 (2014). "The government bears the burden of showing that a warrantless search or seizure falls within an exception to the Fourth Amendment's warrant requirement." United States v. Cervantes, 703 F.3d 1135, 1141 (9th Cir. 2012).

The warrant requirement of the Fourth Amendment applies to the portions of commercial premises not open to the public. See v. City of Seattle, 387 U.S. 541, 545-46 (1967); Patel v. City of Montclair, 798 F.3d 895, 899 (9th Cir. 2015). The Supreme Court has stated that officers cannot search a motel registry, even as part of an administrative search, where a motel owner objects to the search, unless the owner has been given an opportunity to have a "neutral decision-maker review [the officers'] demand to search the registry." City of Los Angeles, Calif. v. Patel, 576 U.S. 409, 421 (2015).

While dismissing plaintiffs' FAC with leave to amend, the Court provides the following analysis on the viability of plaintiffs' Fourth Amendment claims as guidance. As a threshold matter, plaintiffs must specify which defendants are implicated in these claims. The Court infers that the Fourth Amendment claims are limited to the Orange County Sheriff's Department and its individual deputies.

Regarding the claims that defendants entered the motel multiple times per day, harassed guests, and blocked access, it is unclear from the FAC if this alleged conduct took place in areas of the motel open to the public. See FAC ¶ 20. This is required for Fourth Amendment applicability. See Patel v. City of Montclair, 798 F.3d 895, 899 (9th Cir. 2015) (holding that areas of a motel open to public were "not within enumerated items in the Fourth Amendment; therefore, no search occurs when police offers enter those areas").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-00780-CAS-DFMx | Date | August 26, 2024 |
|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

As for the claims that defendants inspected the motel registry, it is unclear from the FAC if plaintiffs objected to the inspection. <u>See</u> FAC ¶ 20. This is also required to plead a claim that a motel owner's Fourth Amendment rights were violated. <u>See</u> <u>City of Los Angeles, Calif. v. Patel</u>, 576 U.S. 409, 421, (2015) (finding that officers cannot search a motel registry, even as part of an administrative search, where a motel owner objects to the search, unless the owner has been given an opportunity to have a "neutral decision-maker review [the officers'] demand to search the registry").

As for the claim that defendant City Officials entered the locked guest units by force, the Court can infer that these warrantless entries took place in areas of the motel that were not open to the public. However, plaintiffs do not include sufficient detail in regards to these entries to state a Fourth Amendment claim. As in <u>Vaghashia</u>, "[t]here is no mention of which units were entered, when they were entered, how many times or by how many inspectors, under what circumstances, how [p]laintiffs know the inspectors entered the units, whether they were present at the time, whether they communicated their objections to the inspectors, and so on." <u>Vaghashia v. City of Los Angeles</u>, No. CV 20-3257-DMG, 2021, WL 6102469, at *4 (C.D. Cal. Aug. 20, 2021).

    4.   <u>Fifth Amendment Claim</u>

The Takings Clause of the Fifth Amendment provides that "private property" shall not "be taken for public use, without just compensation." U.S. Const., amend. V.

A plaintiff can claim a Fifth Amendment takings violation pursuant to one of four theories: "(1) a physical invasion of property, (2) that a regulation completely deprives a plaintiff of all economically beneficial use of property, (3) a general regulatory takings challenge pursuant to <u>Penn Central</u>, or (4) a land-use exaction violating the standards set forth in <u>Nollan</u> and <u>Dolan</u>." <u>Akshar Glob. Invs. Corp. v. City of Los Angeles</u>, 817 F. App'x 301, 304 (9th Cir. 2020) (quoting <u>McClung v. City of Sumner</u>, 548 F.3d 1219, 1225 (9th Cir. 2008)).

Pursuant to the third theory, regulations whose impositions upon a property owner fall short of denying all economically beneficial use may still amount to an unconstitutional taking if a consideration of the regulation's (i) economic impact, (ii) intrusive character, and/or (iii) effect upon the property owner's reasonable "investment-backed expectations" indicate that the regulation "goes too far" in its application. <u>See</u> <u>Penn Central v. New York City</u>, 438 U.S. 104, 124 (1978) (setting forth these factors).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                          'O'

| Case No. | 8:24-cv-00780-CAS-DFMx | Date | August 26, 2024 |
|----------|------------------------|------|-----------------|
| Title    | Deepa Patel et al. v. City of Stanton et al. | | |

Pursuant to the fourth theory, for a development exaction to be constitutional, there must be an "essential nexus" between the valid state interest and the permit condition. Nollan v. Cal. Coastal Comm'n, 483 U.S. 825, 837 (1987). Dolan clarified that in addition to Nollan's "essential nexus" requirement, "the required dedication [must be] related both in nature and extent to the impact of the proposed development." Akshar, 817 F. App'x 301, 304 n.3 (9th Cir. 2020) (quoting Dolan v. City of Tigard, 512 U.S. 374, 391 (1994)).

Additionally, to the extent a city's decision to revoke a permit is "based on concerns about nuisance," the Takings Clause is not implicated because "a locality may act in response to criminal activity." See Keystone Bituminous Coal Ass'n v. DeBenedictis, 480 U.S. 470, 492 n.22 (1987) ("Courts have consistently held that a State need not provide compensation when it diminishes or destroys the value of property by stopping illegal activity or abating a public nuisance.").

While dismissing plaintiffs' FAC with leave to amend, the Court provides the following analysis on the viability of plaintiffs' Fifth Amendment claims as guidance. The Court is not able to infer any implication of the Takings Clause from plaintiffs' existing factual allegations. Plaintiffs do not appear to have a viable claim related to the first or second theories of the Takings Clause outlined above: there was not (1) a physical invasion of their property or (2) a regulation depriving their property of all economically beneficial use. See Akshar, 817 F. App'x at 304 (quoting McClung, 548 F.3d at1225).

At issue here is the applicability of the third and fourth Takings Clause theories, as well as the nuisance allegations. Plaintiffs must specify sufficient facts relevant to the Penn Central analysis to state a regulatory takings claim, or sufficient facts relevant to the Nollan and Dolan analysis to state a land-use exaction takings claim. However, the Court does not believe plaintiffs can overcome the Supreme Court's recognition in Keystone that "[c]ourts have consistently held that a State need not provide compensation when it diminishes or destroys the value of property by stopping illegal activity or abating a public nuisance." Keystone, 480 U.S. at 492 n.22; see also Akshar, 817 F. App'x at 304 (citing Keystone to hold that a city's decision to revoke a motel's conditional use permit did not constitute a takings violation to the extent it was based on concerns about nuisance caused by the motel).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-00780-CAS-DFMx | Date | August 26, 2024 |
|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

5.     Fourteenth Amendment Substantive Due Process Claim

To allege a violation of the Fourteenth Amendment's Substantive Due Process Clause, a plaintiff must establish that a state action has deprived him or her of a constitutionally protected interest in life, liberty, or property. Shanks v. Dressel, 540 F.3d 1082, 1087 (9th Cir. 2008).

The Ninth Circuit has noted that the Fifth Amendment does not automatically preempt a substantive due process claim that alleges a defendant's land use action lacked any substantial relation to public health, safety, or general welfare. Colony Cove Properties, LLC v. City of Carson, 640 F.3d 948, 960 (9th Cir. 2011). Accordingly, to maintain a substantive due process claim for a private taking, a plaintiff must allege: (1) the government's action was "arbitrary, irrational, or lacking any reasonable justification in the service of a legitimate government interest"; and (2) the government's actions deprived them of a protected property interest. Id. at 962; see also Halverson v. Skagit Cnty., 42 F.3d 1257, 1262 (9th Cir. 1994).

"Only egregious official conduct can be said to be arbitrary in the constitutional sense." Shanks, 540 F.3d at 1088. Thus, the "irreducible minimum of a substantive due process claim challenging land use action is failure to advance any legitimate government purpose." Id. at 1087. The Court's task "is not to balance the public interest supporting the government action against the severity of the deprivation." Id. at 1088; Halverson, 42 F.3d at 1262. It is also not the Court's role to decide whether the land use action was "sound and actually advances" the government's stated purpose. Colony Cove, 640 F.3d at 961; Halverson, 42 F.3d at 1262. Rather, the Court merely looks to see if the "government could have" a legitimate reason for its decision. Halverson, 42 F.3d at 1262 (emphasis in original). If it is at least "fairly debatable" that the government's conduct "is rationally related to a legitimate government purpose," then there is "no violation of substantive due process." Id. (internal citations and quotation marks omitted).

While dismissing plaintiffs' FAC with leave to amend, the Court provides the following analysis on the viability of plaintiffs' substantive due process claim as guidance. The Court is not able to infer any implication of a substantive due process violation from plaintiffs' existing factual allegations. Plaintiffs do not appear to have a viable claim, as the Court must rule in favor of the City if it merely "could have" a legitimate reason for its decision to revoke the motel permit. See Halverson, 42 F.3d at 1262.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-00780-CAS-DFMx | | Date | August 26, 2024 |
|----------|------------------------|-|------|-----------------|
| Title | Deepa Patel et al. v. City of Stanton et al. | | | |

6.    Fourteenth Amendment Procedural Due Process Claim

A "fair trial in a fair tribunal is a basic requirement of due process." Withrow v. Larkin, 421 U.S. 35, 46 (1975) (quoting In re Murchison, 349 U.S. 133, 136 (1955)). This constitutional requirement applies to "state administrative agencies charged with applying eligibility criteria for licenses." Stivers v. Pierce, 71 F.3d 732, 741 (9th Cir. 1995).

Due process requires recusal when the adjudicator "has a 'direct, personal, substantial, pecuniary interest' in a case." William Jefferson & Co., Inc. v. Bd. of Assessment and Appeals No. 3 ex rel. Orange Cnty., 695 F.3d 960, 964 (9th Cir. 2012) (quoting Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 876 (2009)). The potential for bias may be sufficient, even if no actual bias is shown. Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 825 (1986) (citing Murchison, 349 U.S. at 136).

To succeed on a judicial bias claim, a plaintiff must "overcome a presumption of honesty and integrity in those serving as adjudicators." Withrow, 421 U.S. at 47. "In the absence of any evidence of some extrajudicial source of bias or partiality, neither adverse rulings nor impatient remarks are generally sufficient to overcome the presumption of judicial integrity, even if those remarks are 'critical or disapproving of, or even hostile to, counsel, the parties, or their cases.'" Larson v. Palmateer, 515 F.3d 1057, 1067 (9th Cir. 2008) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)).

While dismissing plaintiffs' FAC with leave to amend, the Court provides the following analysis on the viability of plaintiffs' procedural due process claims as guidance. To the extent plaintiffs allege that the administrative hearing officer was biased such that the plaintiffs were denied due process, the Court believes plaintiffs may have a viable claim. On the other hand, plaintiffs' claims related to the evidence used by the Planning Commission in the permit revocation hearing and related to "deprecatory remarks" allegedly made against plaintiffs' counsel do not appear to be actionable.

In regards to the administrative hearing officer claim, the Court infers that, as in Louie, "although the allegations are cursory," the officer was "one without a guarantee of future employment by the City," as plaintiffs allege that the administrative hearing officer was not a city employee. See Louie v. City of El Monte, No. LA CV20-06809-JAK-SKx, 2021 WL 6618558, at *5 (C.D. Cal. June 10, 2021). This implicates Haas, which held that "when the government unilaterally selects and pays [a temporary adjudicator]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-00780-CAS-DFMx | Date | August 26, 2024 |
|----------|------------------------|------|-----------------|
| Title    | Deepa Patel et al. v. City of Stanton et al. |  |  |

on an ad hoc basis and the officer's income from future adjudicative work depends entirely on the government's goodwill," procedural due process has not been satisfied. Haas v. Cnty. of San Bernardino, 27 Cal. 4th 1017, 1024 (2002).

Other district courts have applied Haas. See, e.g., Stokes v. City of Visalia, No. 1:17-cv-01350-DAD-SAB, 2017 WL 6344416, at *5-6 (E.D. Cal. Dec. 12, 2017) (finding that plaintiff satisfied the "likelihood of success on the merits" prong of a preliminary injunction motion based on Haas by raising "serious questions" as to the legality of city's employment scheme of a hearing officer); Lucky Dogs LLC v. City of Santa Rosa, 913 F. Supp. 2d 853, 860 (N.D. Cal. 2012) (striking down city's system of unilaterally selecting hearing officers and hiring them to renewable two year terms based on Haas because it "implicitly held out the possibility of future employment in exchange for favorable decisions"). The Ninth Circuit declined to apply Haas in Patel v. City of South El Monte, 827 F. App'x 669, 673 (9th Cir. 2020). However, because Patel is a memorandum disposition, it is not binding pursuant to U.S. Ct. of App. 9th Cir. R. 36-3(a). In such dispositions, "the rule of law is not announced in a way that makes it suitable for governing future cases." Hart v. Massanari, 266 F.3d 1155, 1178 (9th Cir. 2001).

In regards to the claim about evidence used at the Planning Commission hearing, it is not clear what parts of the police reports were redacted or how the redactions would constitute a due process violation. In regards to the alleged "deprecatory remarks," it is not clear what remarks were made or how they would constitute a due process violation. Remarks that are "critical or disapproving of, or even hostile to, counsel" do not overcome the presumption of judicial integrity. See, e.g., Larson, 515 F.3d at 1067 (finding that trial court judge's remarks "expressing impatience" with pro se litigant did not constitute a due process violation). Neither of these claims appear to be viable.

7.    Fourteenth Amendment Equal Protection Claim

The Fourteenth Amendment provides that "[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To establish a § 1983 equal protection violation, the plaintiffs must show that the defendants, acting under color of state law, discriminated against them as members of an identifiable class and that the discrimination was intentional." Flores v. Morgan Hill Unified Sch. Dist., 324 F.3d 1130, 1134 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-00780-CAS-DFMx | Date | August 26, 2024 |
|----------|------------------------|------|-----------------|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

Individual plaintiffs may proceed as a "class of one" if it is alleged that they were "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). "A class of one plaintiff must show that the discriminatory treatment 'was intentionally directed just at him, as opposed . . . to being an accident or a random act.'" North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008) (quoting Jackson v. Burke, 256 F.3d 93, 96 (2d Cir. 2001)). The "[s]elective enforcement of valid laws, without more, does not make the [challenged] action irrational." Freeman v. City of Santa Ana, 68 F.3d 1180, 1188 (9th Cir. 1995).

While dismissing plaintiffs' FAC with leave to amend, the Court provides the following analysis on the viability of plaintiffs' equal protection claim as guidance. In order to state a claim under the "class of one" doctrine, plaintiffs must allege specific facts that permit the Court to infer they were "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). The plaintiffs must specify which actors intentionally treated them differently, how they were treated differently from others similarly situated, and why the difference in treatment was irrational.

8.    Fourteenth Amendment Privileges and Immunities Claim

The Fourteenth Amendment provides that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States." U.S. Const. amend. XIV, § 1.

In the Slaughter-House Cases, the Supreme Court held that the Privileges or Immunities Clause "protects only those rights 'which owe their existence to the Federal Government, its National character, its Constitution, or its laws.'" McDonald v. City of Chicago, 561 U.S. 742, 754 (2010) (quoting the Slaughter-House Cases, 83 U.S. 36, 79 (1873)). Under this "narrow reading," see id., the Court stated that the Clause protects things such as the right "to come to the seat of government to assert any claim [a citizen] may have upon that government, to transact any business he may have with it, to seek its protection, to share its offices, to engage in administering its functions . . . [and to] become a citizen of any State of the Union by a bonafide residence therein, with the same rights as other citizens of that State." Id. (quoting the Slaughter-House Cases, 83 U.S. at 79-80 (internal quotation marks omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-00780-CAS-DFMx | | Date | August 26, 2024 |
|----------|------------------------|---|------|-----------------|
| Title    | Deepa Patel et al. v. City of Stanton et al. | | | |

The Ninth Circuit has noted that "[t]he courts and legal commentators have interpreted [the Slaughter House Cases] as rendering the Clause essentially nugatory." Paciulan v. George, 229 F.3d 1226, 1229 (9th Cir. 2000).

While dismissing plaintiffs' FAC with leave to amend, the Court provides the following analysis on the viability of plaintiffs' privileges and immunities claim as guidance. Having reviewed applicable law, there does not appear to be any available theory allowing plaintiffs to sue under this constitutional provision.

**B.    Statutory violations pursuant to 42 U.S.C. § 3604(b)**

Section 3604(b) of the Federal Fair Housing Act (the "FHA") prohibits discrimination against any person "in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). "Dwelling" is defined as "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families." 42 U.S.C. § 3602(b).

The Ninth Circuit has not "squarely addressed the issue of whether all temporary shelters fit within the [FHA's] definition of 'dwelling.'" Cmty. House, Inc. v. City of Boise, 490 F.3d 1041, 1048 n.2 (9th Cir. 2007). Other courts have found two factors relevant in determining whether a facility is a dwelling under the FHA: (1) "whether the facility is intended or designed for occupants who 'intend to remain in the [facility] for any significant period of time'"; and (2) "whether those occupants would 'view [the facility] as a place to return to' during that period." Lakeside Resort Enterps. v. Bd. of Supervisors of Palmyra Township, 455 F.3d 154, 158 (3d Cir. 2006); Schwarz v. City of Treasure Island, 544 F.3d 1201, 1215–16 (11th Cir. 2008).

The FHA authorizes any "aggrieved person" to bring a complaint. 42 U.S.C. § 3613(a)(1)(A). This includes anyone who "claims to have been injured by a discriminatory housing practice." 42 U.S.C. § 3602(i)(1). The Supreme Court has found that "Congress intended standing under [the FHA] to extend to the full limits of Art[icle] III… as long as the plaintiff suffers actual injury as a result of the defendant's conduct, he is permitted to prove that the rights of another were infringed." Gladstone Realtors v. Vill. of Bellwood, 441 U.S. 91, 103 n. 9 (1979).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-00780-CAS-DFMx | Date | August 26, 2024 |
|----------|------------------------|------|-----------------|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

A plaintiff may assert a claim under the FHA based on disparate treatment or disparate impact. See Avenue 6E Invs., LLC v. City of Yuma, Ariz., 818 F.3d 493, 503 (9th Cir. 2016). To assert a claim based on disparate impact, a plaintiff must show that an outwardly neutral policy or practice had a significantly adverse or disproportionate impact on a particular class of people. See Pfaff v. U.S. Dept. of Hous. & Urban Dev., 88 F.3d 739, 745–46 (9th Cir. 1996). A defendant may rebut a plaintiff's proof of disparate impact by "supplying a legally sufficient, nondiscriminatory reason" for the impact. The Comm. Concerning Comm. Improvement v. City of Modesto, 583 F.3d 690, 711 (9th Cir. 2009).

Courts must examine "with care whether a plaintiff has made out a prima facie case of disparate impact." Texas Dept. of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, 135 S. Ct. 2507, 2523 (2015). At the pleading stage, a plaintiff must allege facts or produce statistical evidence demonstrating a causal connection between the neutral policy or practice and the disparity. Id. at 2519. This "robust causality" requirement is necessary to ensure that "racial imbalance . . . does not, without more, establish a prima facie case of disparate impact and thus protects defendants from being held liable for racial disparities they did not create." Id. at 2523.

While dismissing plaintiffs' FAC with leave to amend, the Court provides the following analysis on the viability of plaintiffs' FHA claim as guidance. The Court identifies several impediments to these claims.

As a threshold issue, it is not settled law that the FHA applies to temporary shelters, including motels. The Ninth Circuit has not "squarely addressed the issue." Cmty. House, Inc. v. City of Boise, 490 F.3d 1041, 1048 n.2 (9th Cir. 2007).

Additionally, plaintiffs have not sufficiently specified how they themselves were injured by a "discriminatory housing practice," which is required to establish standing to sue on behalf of themselves and on behalf of their guests under the FHA. 42 U.S.C. § 3602(i)(1). See also Gladstone Realtors v. Vill. of Bellwood, 441 U.S. 91, 103 n. 9 (1979). The Court cannot infer how plaintiffs were injured by a discriminatory housing practice, what constituted the discriminatory housing practice, and which defendant was responsible for the practice, because the FAC is vague and imprecise.

Finally, it is not clear if plaintiffs allege a disparate treatment or disparate impact claim. FAC ¶ 30-31. If plaintiffs allege a disparate impact claim, they must identify an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-00780-CAS-DFMx | Date | August 26, 2024 |
|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

outwardly neutral policy or practice that had a significantly adverse or disproportionate impact on them.  See Pfaff v. U.S. Dept. of Hous. & Urban Dev., 88 F.3d 739, 745–46 (9th Cir. 1996).  They must also allege facts or produce statistical evidence demonstrating a causal connection between the neutral policy or practice and the disparity.  Texas Dept. of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, 135 S. Ct. 2507, 2519 (2015). While alleged discrimination based on the race of plaintiffs and their guests is a protected class under the FHA, the guests' alleged status as "low-income and homeless" is not a protected class.  42 U.S.C. § 3604(b) (making it unlawful to discriminate because of "race, color, religion, sex, familial status, or national origin").

Accordingly, as with plaintiffs' claims for violations of the U.S. Constitution, the Court **GRANTS** defendant's motion to dismiss plaintiffs' FHA claim with leave to amend.

### C.    Writ Relief Pursuant to California Code of Civil Procedure § 1094.5 for Revocation of Permit and Denial of Citations Appeal

California Code of Civil Procedure § 1094.5 authorizes judicial review of final administrative decisions resulting from hearings that were required by law.  See Dhillon v. John Muir Health, No. S224472, 2017 WL 2276525, at * 3 (Cal. May 25, 2017); Cal. Civ. Proc. Code § 1094.5 (b).  The "proper method" for challenging the issuance of a conditional use permit is to seek a writ of administrative mandate.  See Ctr. for Biological Diversity, Inc. v. FPL Group, Inc., 166 Cal. App. 4th 1349, 1372 (2008).

Defendant City asks the Court to decline to exercise supplemental jurisdiction over the plaintiffs' writ of mandate claims arising under state law.  The Court may decline to exercise supplemental jurisdiction when "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c).  "There is nothing in the text of § 1367(a) that indicates an exception to supplemental jurisdiction for claims that require on-the-record review of a state or local administrative determination."  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 169 (1997).

In the third and fourth claims of their FAC, plaintiffs allege that defendant City violated its duties under California law when revoking DOC's permit and denying its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 8:24-cv-00780-CAS-DFMx | | Date | August 26, 2024 |
|---|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | | |

appeal of the citations against DOC, claiming it did so "without the support of competent evidence or even an explanation of the basis of the decision[s]." FAC ¶ 44; 49.

Defendant argues that (1) the Court lacks jurisdiction over these writ claims, which should be brought to California Superior Court; (2) the claims do not qualify for supplemental jurisdiction because they are not part of the same case or controversy as plaintiffs' constitutional and FHA claims; and (3) the Court should decline to exercise supplemental jurisdiction after dismissing plaintiffs' constitutional and FHA claims. Mot. at 8-9. In the alternative, defendant argues that the claims fail to state a claim for writ relief. Id. at 9.

In opposition, plaintiffs argue that the Court does have jurisdiction over state writ claims, citing City of Chicago. Opp. at 9.

In reply, defendant argues that the FAC claims do not meet the elements of a writ petition. Reply at 6.

The Court finds that it is appropriate to decline to exercise supplemental jurisdiction with respect to plaintiffs' writ relief claims. The Court has granted plaintiffs leave to amend their claims, so § 1367(c)(3) does not apply yet. Nevertheless, the Court still declines to exercise supplemental jurisdiction over the writ of mandate claims for prudential reasons. California district courts "routinely deny supplemental jurisdiction over California writ of mandate claims." Mory v. City of Chula Vista, No. CV 10-252 JLS WVG, 2011 WL 777914, at *2 (S.D. Cal. Mar. 1, 2011). "Mandamus proceedings to compel a state administrative agency to act are actions that are uniquely in the interest and domain of state courts." Id. Here, as in Mory, a "California citizen is suing a California governmental entity under California law." Id. In such a situation, "issues of federalism and comity . . . loom especially large." Id. Therefore, the Court in its discretion declines to exercise supplemental jurisdiction over plaintiffs' writ relief claims under 28 U.S.C. sections 1367(c)(1) and (c)(4).

Accordingly, the Court declines to exercise supplemental jurisdiction over plaintiffs' third and fourth claims for writ relief, and **GRANTS** defendant's motion to dismiss these claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-00780-CAS-DFMx | Date | August 26, 2024 |
|----------|------------------------|------|-----------------|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

## V.    CONCLUSION

The Court **GRANTS** defendant's motion to dismiss all claims.  The Court grants plaintiffs leave to amend their first and second claims and directs plaintiffs to file a second amended complaint by September 25, 2024.

IT IS SO ORDERED.

|  | 00 | : | 10 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |